IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Jesse J. Nash,                                    )
                                                  )
                        Plaintiff,                )        CA No. 7:07-503-HMH
                                                  )
              vs.                                 )
                                                  )        **OPINION & ORDER**
Marriott Hotel Services, Inc.,                    )
                                                  )
                        Defendant.                )


       This matter is before the court on Marriott Hotel Services, Inc.'s ("Marriott") motion for

summary judgment. For the following reasons, the court grants Marriott's motion for summary

judgment.

                    **I. FACTUAL AND PROCEDURAL BACKGROUND**

       The case was originally brought in the Court of Common Pleas for Spartanburg County

but was removed, based on diversity jurisdiction, to this court on February 21, 2007. Jesse J.

Nash ("Nash") alleges negligence against Marriott. Around midnight on June 18, 2006, Nash

alleges that he slipped and fell outside the restroom on a substance believed to be vomit at the

Spartanburg Marriott at Renaissance Park. (Def.'s Mem. Supp. Summ. J. Ex. 4 (Nash Dep. at

54, 58).) Nash alleges that upon entering the restroom he saw the substance on the floor and

walked around it to enter the restroom. (Id. Ex. 4 (Nash Dep. at 56-57).) Nash alleges that he

was in the restroom for ten to twelve minutes and after leaving the restroom slipped on the

substance injuring his arms. (Id. Ex. 4 (Nash Dep. at 56-57).) According to Nash, he had been

drinking alcoholic beverages on that day beginning at 6:00 p.m. (Id. Ex. 4 (Nash Dep. at 56-

1

57).)  However, Nash alleges that he was not intoxicated.  (Pl.'s Mem. Opp'n Summ J.

Supplement 2 (Nash Dep. at 53-54).)

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c).  Rule 56(c) mandates entry of summary judgment "against

a party who fails to make a showing sufficient to establish the existence of an element essential

to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the

non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be

counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in

this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's

pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule,

must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

With respect to this burden, "it is the responsibility of the plaintiff, not the court, to identify with

particularity the evidentiary facts existing in the record which can oppose the defendant's

2

summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F.Supp. 2d 596, 604 (D. Md. 1998).

## B.  Negligence Claim

Nash has alleged a claim for negligence against Marriott.  To establish a claim for negligence, Nash must prove:  (1) a duty owed by Marriott to Nash; (2) a breach of that duty; (3) proximate causation; and (4) damages.  See Daniel v. Days Inn of Am., Inc., 356 S.E.2d 129, 131 (S.C. Ct. App. 1987).  In order to prevail on a motion for summary judgment, Marriott must prove that there are no genuine issues of material fact as to the lack of proof of any one of these elements.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Marriott  argues that it did not breach any duty owed to Nash because Nash had notice of the substance on the floor and the substance on the floor was an open and obvious hazard.  (Def.'s Mem. Supp. Summ. J. 3-9.) Further, Marriott argues that Nash lacks standing to recover for his injuries because he was intoxicated.  (Id. 9.)

 "A merchant is not an insurer of the safety of his customers but rather owes them the duty to exercise ordinary care to keep the premises in a reasonably safe condition." Denton v. Winn-Dixie Greenville, Inc., 439 S.E.2d 292, 293 (S.C. Ct. App. 1993).  "Whether a defendant provided reasonably safe premises to an invitee is a jury question." Moore v. Levitre, 365 S.E.2d 730, 730 (S.C. 1988).  "In the case of a foreign substance, the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall." Wintersteen v. Food Lion, Inc., 542 S.E.2d 728, 729-30 (S.C. 2001).

3

However, "[t]he landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner has knowledge or should have knowledge." Larimore v. Carolina Power & Light, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000). "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." Id. at 540. A landowner is not liable for open and obvious dangers unless the landowner "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, . . . or fail to protect himself against it." Callander v. Charleston Doughnut Corp., 406 S.E.2d 361, 363 (S.C. 1991) (internal quotation marks omitted) (alteration in original).

Nash argues that Marriott had actual or constructive knowledge of the substance on the floor. In support of his argument, Nash submits an affidavit of an eyewitness Latisha Simpson ("Simpson"). Simpson states in her affidavit that she informed three waitresses that there was vomit on the floor outside the men's restroom. (Pl.'s Mem. Opp'n Summ. J. Ex. 1 (Simpson Aff. ¶ 7).) Simpson further states that one of the waitresses said that she was going to advise the front desk. (Id. Ex. 1 (Simpson Aff. ¶ 8).) On her way back to the women's restroom to warn her friends of the vomit on the floor, she saw that Nash had fallen. (Id. Ex. 1 (Simpson Aff. ¶ 1).) Marriott alleges that Nash had notice of the substance on the floor and the danger was open and obvious because Nash admittedly saw the substance on the floor and stepped over it on his way into the restroom. Nash slipped on the substance upon exiting the restroom. However,

> there is no liability on the part of an owner or occupier of premises for injuries sustained by an invitee when an invitee's inattentiveness to the surrounding circumstances and failure to protect h[imself] from an obvious danger proximately cause his or her accident. Liability under common-law negligence will not attach

4

when the allegedly dangerous condition complained of was open and obvious, particularly when the injured plaintiff was aware of it.

62A Am. Jur. 2d Premises Liability § 712. Nash argues that he was in the restroom for ten or twelve minutes and did not remember the vomit on the floor when he exited the restroom. (Pl.'s Mem. Opp'n Summ. J. 5.) Nash's failure to remember that the substance was on the floor and inattentiveness upon exiting the restroom do not create a genuine issue of material fact in this case. The undisputed facts show that Nash recognized the danger and avoided it by walking around the substance upon entering the restroom. (Def.'s Mem. Supp. Summ. J. Ex. 4 (Nash Dep. at 56-57).) Likewise, Simpson saw there was a substance on the ground in front of the men's restroom as she was exiting the women's restroom. (Pl.'s Mem. Opp'n Summ. J. Ex. 1 (Simpson Aff. ¶ 5).) Simpson's affidavit further supports Marriott's position that the substance on the floor was an open and obvious hazard. Based on the foregoing, the court finds that no genuine issues of material fact exist regarding whether the substance on the floor was an open and obvious hazard.[1]

---

[1] The court declines to address Marriott's additional arguments in support of summary judgment.

Therefore, it is

**ORDERED** that Marriott's motion for summary judgment, document number 15, is

granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 23, 2007